UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

HELEN ARP JOHNSON, )
)
Plaintiff, )
) No. 1:09-CV-155
v. ) *Mattice / Lee*
)
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice

Act ("EAJA"), 28 U.S.C. §2412(d) [Doc. 23]. Plaintiff supports the motion with the affidavit of her

counsel, who avers he and his associates have expended 8.1 hours of attorney time, valued at

$159.00 per hour, and 6.2 hours of paralegal time, valued at $46.00 per hour, for a total of $1,573.10

in fees [Doc. 24-1]. Defendant has not objected to Plaintiff's motion. This matter was referred to

the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ.

P. 72(b).

## I.    ENTITLEMENT TO FEES

In order to recover "fees and other expenses" under the EAJA, four conditions must be met:

(1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an

itemized justification for the amount requested, must be filed within 30 days of the final judgment

in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the

government's position must be without substantial justification. 28 U.S.C. §2412(d). *See also*

*Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). I **FIND** Plaintiff has met all of the requirements to receive EAJA fees.

First, the Court granted the parties' joint motion for a sentence four remand and Defendant does not dispute Plaintiff is a prevailing party [Doc. 19, 20]. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff has timely submitted an itemized explanation of the fee request, which the Court finds adequate to support the request [Doc. 24-1]. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). Third, Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. Finally, the Court finds no special circumstances warranting denial of fees.

## II.    AMOUNT OF FEES

I **CONCLUDE** Plaintiff is therefore entitled to her reasonable attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees"). Furthermore, I **FIND** the amount of fees requested by Plaintiff to be reasonable. Although the hourly rate charged by Plaintiff's attorney exceeds $125 per hour, I **FIND** the excess to be justified by increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A); *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003) (setting formula to compute cost of living adjustment for attorney fees and approving paralegal fees at $46 per hour).

## III.    PAYEE

Plaintiff requests that the fee award be "made payable" directly to her attorney. In our circuit, however, it is Plaintiff, not her attorney, who is entitled to the fee award. *See Bryant v.*

*Comm'r of Soc. Sec.*, 578 F.3d 443, 448 (6th Cir. 2009) ("Like the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plan language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

## IV.  CONCLUSION

Accordingly, I **RECOMMEND**[1] Plaintiff's motion for attorney's fees under the EAJA [Doc. 23] be **GRANTED IN PART**, to wit:

> (1) that Plaintiff be awarded attorney's fees in the amount of **$1,573.10**.

> (2) that such fees be made payable to Plaintiff in her own name, not her attorney.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order.  *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985).  The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).